**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JUSTIN PABON,                          :
                                       :
       Petitioner,                 :
                                       :
  v.                                   :   No. 4:18-CV-1408
                                       :
WARDEN EBBERT,                         :   (Judge Brann)
                                       :
      Respondents.                :

**MEMORANDUM OPINION**

**OCTOBER 16, 2018**

## I.    BACKGROUND

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was filed by Justin Pabon, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg). Named as Respondent is USP-Lewisburg Warden Ebbert. Petitioner has also filed an *in forma pauperis* application which will be granted for the purpose of filing this action with this Court. Service of the petition has not been ordered.

Petitioner Pabon states that he entered a guilty plea in the United States District Court for the District of Massachusetts to criminal charges pursuant to a plea agreement. Pabon indicates that his resulting federal sentence was increased from 27-33 months to 63-78 months under the Armed Career Criminal Act

(ACCA).  One of the predicate convictions relied upon as a basis for imposition of the enhancement was a Massachusetts state conviction for assault and battery on a public employee.   According to the Petition, a direct appeal and a petition seeking relief under 28 U.S.C. §2255 were unsuccessfully filed.

Pabon challenges the legality of his sentence enhancement under *United States v. Booker*, 543 U.S. 220 (2005) and *Alleyne v. United States*, 570 U.S. ____, 133 S. Ct. 2151 (2013).  *See* Doc. 1, p. 5  Petitioner contends that the above described prior state  conviction was improperly relied upon for purposes of  the ACCA.

Pabon has also filed a motion to supplement (Doc. 5) his petition.  This motion will be granted and Petitioner's supplemental arguments will be considered.  The supplement asserts that Pabon is also seeking federal habeas corpus relief under the grounds announced in *Johnson v. United States*, ___ U.S. ___ , 135 S. Ct. 2551  (2015) and *Welch v. United States,* __ U.S. ___, 136 S. Ct. 1257, 1262, (2016).  *See* Doc. 5, p. 4.  Petitioner adds that since he is foreclosed from filing a successive § 2255 petition, that collateral remedy is inadequate

## II.    DISCUSSION

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004).  *See, e.g., Mutope v.*

*Pennsylvania Board of Probation and Parole*, No. 3:CV-07-472, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.).  The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)).  *See, e.g., Patton v. Fenton,* 491 F. Supp. 156, 158-59 (M.D. Pa. 1979)(Nealon, J.).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ."  *Gorko v. Holt*, No. 4:CV-05-596, 2005 WL 1138479 *1 (M.D. Pa. May 13, 2005)(McClure, J.)(quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

Title 28, United States Code § 2241, vests the federal district courts with jurisdiction to grant a writ of habeas corpus to persons in custody in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2241(c)(3).  A habeas corpus petition under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence."  *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005).  Federal habeas corpus review may be employed by a prisoner to challenge either the fact or duration of his confinement in prison.  *Preiser v. Rodriguez*, 411 U.S. 475 (1973), *Telford v. Hepting*, 980 F.2d 745, 748 (3d Cir.

1993).  However, relief is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002).

Since he initiated his action before this Court, Pabon is apparently arguing that he may bring his present claim via a federal habeas corpus  petition.  It would appear that it is Petitioner's contention that this Court has jurisdiction over his § 2241 action by virtue of his ongoing detention at USP-Lewisburg.

When challenging the validity of a federal sentence and not its execution, a federal prisoner is generally limited to seeking relief by way of a motion pursuant to 28 U.S.C. § 2255.  *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997); *Russell v. Martinez*, 325 Fed. Appx. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence").  A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  This language in § 2255, known as the safety-valve clause, must be strictly construed. *Dorsainvil*, 119 F.3d at 251; *Russell*, 325 Fed. Appx. at 47 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id*. at 539. *See also, Alexander v. Williamson*, 324 Fed. Appx. 149, 151 (3d Cir. 2009).

Petitioner is clearly challenging the validity of his ACCA enhanced sentence which was imposed by the District of Massachusetts. He must do so by following the requirements of § 2255. As recognized by the Honorable Kim R. Gibson in *Pollard v. Yost*, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal." Pabon's instant claims are not based upon a contention that his conduct is no longer criminal as a result of some change in the law.

I note that the United States Court of Appeals for the Third Circuit has held that *Alleyne* cannot be retroactively applied to cases on collateral appeal. *See United States v. Winkelman*, 746 F. 3d 134, 136 (3d Cir. March 26, 2014). The *Booker* decision likewise does not have retroactive effect. *See Lloyd v. United States*, 407 F. 3d 608, 615-16 (3d Cir. 2005). Consequently, Petitioner's reliance on those two decisions as a basis for federal habeas corpus relief is misplaced.

However, the United States Supreme Court in *Welch* held that *Johnson* is a new substantive rule of constitutional law that is retroactively applicable in a collateral attack on a final conviction. Based upon Petitioner's representations, it appears that the sentencing court has not been afforded the opportunity to address the validity of his pending *Johnson* based argument.

This Court agrees with the approach taken by *Wood v. Maiorana*, 2015 WL 4663267 *4 (M.D. Pa. Aug. 6, 2015) (Caputo, J.) and *Ruiz v. Ebbert*, 2015 WL 5997105 (M.D. Pa. Oct. 14, 2015)(Conaboy, J.) which recognized that since § 2255 plainly provides an avenue for litigating the merits of a *Johnson* based sentencing claim, such an argument should be addressed by the court which is ultimately the most appropriate forum, i.e. the sentencing court. Given the decision of *Welch* regarding the retroactivity of *Johnson*, and Petitioner's apparent claim that he did not previously raise a *Johnson* claim under § 2255, this Court will likewise take the approach suggested by *Wood*.

## III.   CONCLUSION

Pursuant to the above discussion this matter will be transferred to the District of Massachusetts for consideration by the sentencing court.  It is noted that transferring this matter also protects the Petitioner's rights as a *pro se* litigant as it precludes any adverse consequences which might occur if this matter was simply dismissed without prejudice.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge